```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
                                                                     :
LEAH SEIDLER; and LEAH ISRAEL, INC.,                                 :
                                                                     :
                                    Plaintiffs,                      :   1:23-cv-01462-GHW-VF
                                                                     :
                        -v –                                         :   ORDER
                                                                     :
JPMORGAN CHASE BANK, N.A.,                                           :
                                                                     :
                                    Defendant.                       :
                                                                     :
-------------------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/30/2024

GREGORY H. WOODS, United States District Judge:

On January 12, 2024, Magistrate Judge Valerie Figueredo issued a Report and Recommendation ("R&R") recommending that the Court grant Defendant JPMorgan Chase Bank, N.A.'s ("Chase") motion to dismiss Counts III, IV, V, and VI in the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 27. In the R&R, Magistrate Judge Figueredo determined that Plaintiffs' N.Y. General Business Law § 349 claim (Count III) and conversion claim (Count IV) should be dismissed under Rule 12(b)(6) for failure to state a claim and that Plaintiffs' negligence claim (Count V) and negligent hiring, retention, training, and supervision claim (Count VI) should be dismissed because Plaintiffs withdrew these claims. *Id.* at 6–16.

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Parties may raise specific, written objections to the report and recommendation within fourteen days of receiving a copy of the report. *Id.*; *see also* Fed. R. Civ. P. 72(b)(2). The Court reviews for clear error those parts of the report and recommendation to which no party has timely objected. 28 U.S.C. § 636(b)(1)(A); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

No objection to the R&R was submitted within the fourteen-day window. The Court has

reviewed the R&R for clear error and finds none.  *See Braunstein v. Barber*, No. 06-cv-5978 (CS) (GAY), 2009 WL 1542707, at *1 (S.D.N.Y. June 2, 2009) ("The district court may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record.").  The Court, therefore, accepts and adopts the R&R in its entirety.

Plaintiffs are also granted leave to amend the complaint.  The R&R does not address whether Plaintiffs should be granted leave to replead the complaint.  The Court recognizes that it "is the usual practice upon granting a motion to dismiss to allow leave to replead."  *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").  However, "[l]eave may be denied 'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'"  *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)).  While Plaintiffs have amended the complaint once, they did not have the benefit of a ruling by the Court at the time of the prior amendment.  "Without the benefit of a ruling, many a plaintiff will not see the necessity of amendment or be in a position to weigh the practicality and possible means of curing specific deficiencies."  *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015).  The Court does not conclude that any amendment to the complaint would necessarily be futile with respect to Plaintiffs' General Business Law § 349 and conversion claims (Counts III and IV).[1]

Accordingly, for the reasons articulated in the R&R, Defendants' motion to dismiss Plaintiffs' amended complaint is granted, and Counts III, IV, V, and VI of the amended complaint are dismissed.  Dkt. No. 5 (amended complaint); Dkt. No. 19 (motion to dismiss).  Plaintiffs may file

---

[1] As Plaintiffs have voluntarily withdrawn their claims in Counts V and VI of the amended complaint, the Court expects these claims will not be reasserted in any future amended complaint.

a second amended complaint to cure the deficiencies identified by the R&R. Any such amendment must be filed no later than 14 days following the date of this order.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 19.

SO ORDERED.

Dated: January 30, 2024
New York, New York

_____
GREGORY H. WOODS
United States District Judge

3